ORDERED in the Southern District of Florida on 11 August 2009.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 08-13108-BKC-AJC |
| SEUNG I. HA, | Chapter 7 |
| Debtor. _____/ | |
| BARRY MUKAMAL, as Trustee, | Adv. No. 09-1005-BKC-AJC-A |
| Plaintiff, vs. | |
| TERRY DEAN and CHOON H. DEAN, | |
| Defendants. _____/ | |

### ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO WITHDRAW
### PRO SE ANSWER AND SETTING HEARING ON MOTION TO DISMISS

THIS CAUSE came before the Court on May 18, 2009 upon the motion by Defendants Terry Dean and Choon H. Dean for leave of Court to withdraw their previously filed *pro se* Answer and to dismiss Plaintiff's Complaint without prejudice under Fed.R.Civ.P. 12(b) and Fed.R.Bank.P. 7012 (CP 19). At the hearing, the Trustee argued that, by filing the Answer to the Complaint, the

Defendants waived their right to challenge venue and personal jurisdiction. The Defendants argued that they were *pro se* at the time of filing their Answer and the Court should provide them some latitude in respect of their pleadings. The Defendants have, since the filing of their Answer, retained counsel to represent them in this matter.

## Background

This case was commenced by the filing of a Complaint on January 6, 2009 by the Trustee against the Defendants for alleged fraudulent transfers pursuant to 11 U.S.C. § 548 and Florida Statute 726 *et seq*. In paragraph 4 of the Complaint, the Trustee alleged that "[t]his Court has jurisdiction over these proceedings and venue is proper in this Court." On January 29, 2009, the Defendants filed and served an Answer to the Complaint wherein they "admitted" the representations regarding personal jurisdiction and venue.

The Defendants thereafter retained counsel who filed the instant motion on March 20, 2009 raising the issues of jurisdiction and venue. Defendants assert that venue and personal jurisdiction are improper pursuant to Rule 12(b) of the Federal Rules of Civil Procedure (as adopted by Bankruptcy Rule 7012) and they urge the Court to dismiss the Complaint. Defendants' motion seeks leave of Court to allow them to withdraw their *pro se* Answer so they may assert lack of personal jurisdiction and improper venue as a defense to the Complaint. Defendants also seek dismissal of Counts I and II (11 U.S.C. §548 claims) as being time-barred on the face of the Complaint; however, this issue must be addressed in an affirmative defense and not on a motion to dismiss.

The Trustee/Plaintiff objected to such relief and argued that the defenses of improper venue and lack of personal jurisdiction were waived as a matter of law; and, to allow the Defendants, simply because they were *pro se*, to "test the waters and buy time" and not enforce

Rule 12(b) until after they obtain legal counsel would be inappropriate and send a message to all defendants in other actions to do the same.

Having considered the proffers and representations of the parties, and having reviewed the case law and other authority cited by the parties, the Court determines that withdrawal of the Answer is permissible under the circumstances of this case, and the Defendants are authorized to proceed with their motion to dismiss, which will be set for hearing herein.

## Analysis

Before addressing the issue of dismissal, the Court expressed concern at the hearing as to whether these *pro se* litigants should be held to a different standard than parties represented by counsel, thereby permitting the withdrawal of their Answer. The Court, upon due deliberation, believes that the *pro se* Defendants herein may be held to a less stringent and more liberal standard for pleading purposes.

In *Clark v. Bibb County Board of Education*, 174 F.Supp.2d 1369 (M.D.Ga. 2001), the court succinctly stated:

> Because Plaintiff is representing himself in this case, the Court must observe that *pro se* litigants are entitled to wide latitude when construing their pleadings and papers. *See SEC v. Elliott,* 953 F.2d 1560, 1582 (11th Cir.1992). One court has articulated the underlying policy rationale for this rule as follows: "Implicit in the right to self-representation is ***an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.***" *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983).

*Id.* at 1371 (emphasis added). *See also, Middleton v. City of Lakeland,* 830 F.Supp. 1449, 1451 (M.D.Fla. 1993) ("The Court must read Plaintiffs *pro se* allegations liberally, holding them to a less stringent standard than those drafted by an attorney."). This standard has been applied by bankruptcy courts. *See In re O'Malley,* 252 B.R. 451, 456-457 (N.D. Ill. 1999) (though a judge is

not to become an advocate for *a pro se* litigant, the court does have a duty to "take appropriate measures that will permit the adjudication of *pro se* claims on the merits, rather than to order their dismissal on technical grounds.") (internal citations omitted); *In re Barrows,* 171 B.R. 455, 459 (D. N.H. 1994) (*pro se* parties' pleading is entitled to a more lenient construction than might otherwise be required in litigation in which both parties are represented by counsel) (citations omitted). Thus the Court believes the Defendants' defenses to the Plaintiff's claims should be determined by the Court on their merits and not by technicalities.

The Trustee relied on several cases at the May 18, 2009 hearing, but only one of them, *Beams v. Norton,* 256 F.Supp.2d 1203 (D.Kan. 2003), involved *a pro se* litigant. In *Beams,* the court acknowledged that "[a] *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id.* at 1206. However, the *Beams* court determined that the *pro se* plaintiff before it was still required to properly respond to supported statements of fact in the defendant's summary judgment motion, and that bare allegations not supported or verified by Rule 56 evidence would not suffice. Obviously, the requirement to properly respond to material factual allegations in opposition to a motion for summary judgment is a different creature from the obligation to make sophisticated legal analysis regarding concepts of federal jurisdiction and venue.

Two other cases cited by the Trustee, *Harris Corporation v. National Iranian Radio & Television,* 691 F.2d 1344 (11th Cir. 1982) and *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939), stand simply for the proposition that venue is a personal privilege which can be waived, but neither case involved *a pro se* litigant. Thus, even in light of these two cases, the Court is hard-pressed to find these *pro se* litigants voluntarily and with knowledge effectively relinquished their rights to argue proper venue and personal

jurisdiction. The Defendants' *pro se* answer is unclear as to their intentions because, with respect to Plaintiff's allegations of jurisdiction and venue, the Defendants' actual response was "[t]rue, not aware of until this summons and notice of pretrial/trial." The Court believes the more liberal standard commonly applied to *pro se* litigants should apply here, where the Defendants supposedly failed to deny Plaintiff's venue allegations without actually having adequate knowledge regarding their legal rights to do so. The Court prefers trying cases on their merits.

This more forgiving standard has been specifically applied to permit *a pro se* defendant to file a motion to dismiss based on lack of personal jurisdiction (another "waiveable" defense under Rule 12(b)) after he had filed a timely *pro se* answer in which he did not object to such jurisdiction. *See United Advertising Agency, Inc. v. Robb,* 391 F.Supp. 626, 631-632 (M.D.N.C. 1975) (individual defendant who filed *a pro se* answer to complaint without objecting to personal jurisdiction was permitted to join other defendants in motion to dismiss based on, *inter alia,* lack *of in personam* jurisdiction). The court held that breach of the rules and waiver of the defense was excused since the defendant filed the answer *pro se* and apparently in order to comply with the requirements of Rule 12(a).

In addition, the Court finds that the parties are not prejudiced by the withdrawal of the Answer. The Trustee has taken no steps in reliance on the Answer, through discovery or subsequent pleadings. Thus, consistent with the Court's policy to try cases on their merits, it is

**ORDERED AND ADJUDGED** that Defendants' motion for withdraw their previously filed *pro se* answer is GRANTED; the *pro se* answer is deemed withdrawn, and the Defendants' motion to dismiss will be considered on the merits at a hearing scheduled for Sept. 17, 2009 at 2:30 AM/PM in Courtroom 1410, 51 SW First Ave., Miami, FL. The Court will consider the issues of lack of personal jurisdiction and improper venue, but to the

extent the motion seeks dismissal based upon a statute of limitations, the motion to dismiss is DENIED without prejudice to the Defendants raising that issue as an affirmative defense in answer to the Complaint.

###

Copies furnished to:
Geoffrey S. Aaronson, Esq.
James Miller, Esq.